09-3879-cv
Sullivan v. Brodsky

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of June, two thousand and ten.

PRESENT: AMALYA L. KEARSE,
         ROBERT D. SACK,
         RICHARD C. WESLEY,
                  *Circuit Judges.*

---

EDWARD M. SULLIVAN,

                  *Plaintiff-Appellant,*

         -v.-                                    09-3879-cv

JEFFREY BRODSKY, ERIC KAYNE, and
MORGAN STANLEY,

                  *Defendants-Appellees.*

---

FOR APPELLANT:        JOHN K. CROSSMAN (Frank C. Welzer, *on the brief*), Zukerman Gore Brandeis & Crossman, LLP, New York, NY.

FOR APPELLEES:        AMBER L. KAGAN, Morgan, Lewis & Bockius LLP, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Jones, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff commenced this action against Morgan Stanley and two of its human resources employees, bringing claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, against all three defendants, as well as state-law claims against the individual defendants. The district court granted summary judgment in favor of defendants on each of plaintiff's claims. *Sullivan v. Brodsky*, No. 07 Civ. 0003, 2009 WL 2516838 (S.D.N.Y. Aug. 17, 2009). In this appeal, plaintiff only challenges the court's decision with respect to his ADEA claim against Morgan Stanley. We presume the parties' familiarity with the facts, procedural history, and issues on appeal.

We review *de novo* the district court's decision granting summary judgment and draw all reasonable factual

2

inferences in favor of the party opposing the motion, and we assess plaintiff's ADEA claim under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Gorzynski v. Jetblue Airways Corp.*, 596 F.3d 93, 101, 106 (2d Cir. 2010). Although the district court held that plaintiff failed to establish a *prima facie* case of age discrimination, we assume, *arguendo*, that he met that initial burden. Moreover, with respect to the second step of the *McDonnell Douglas* analysis, there is no dispute that defendants proffered a legitimate, non-discriminatory explanation for Morgan Stanley's decision to terminate plaintiff.

Proceeding to the final step of the analysis, plaintiff must adduce sufficient evidence to allow a rational fact finder to conclude that "'age was the "but-for" cause of the challenged adverse employment action' and not just a contributing or motivating factor." *Id.* (quoting *Gross v. FBL Fin. Servs. Inc.*, 129 S. Ct. 2343, 2352 (2009)). In this regard, we agree with the district court that plaintiff failed to meet this burden. To the extent there is evidence of ageist behavior by *any* Morgan Stanley employee in the record, plaintiff has not produced sufficient evidence to

3

allow a rational factfinder to conclude that such events were linked to the decision to terminate plaintiff. Therefore, a reasonable jury could not conclude, absent speculation, that plaintiff's age was the "but-for" cause of his termination.

We have considered all of plaintiff's contentions in this appeal and found them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk